IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MPI MECHANICAL, INC., | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-1228 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**ANSWER AND DEFENSES OF DEFENDANT, FEDERAL INSURANCE COMPANY,
TO COMPLAINT OF PLAINTIFF, MPI MECHANICAL, INC.**

Defendant, Federal Insurance Company ("Federal"), by and through its counsel, Stradley, Ronon, Stevens & Young, LLP, hereby answers the Complaint of Plaintiff, MPI Mechanical, Inc. ("MPI"), as follows:

## I. THE PARTIES

1. Federal is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1, and they are, therefore, deemed denied.

2. Denied.

## II. JURISDICTION AND VENUE

3. The averments in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.

4. The averments in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.

## III. BACKGROUND AND FACTS

5. Federal denies that a true and correct copy of the Subcontract Agreement No. 02-2/2 (the "Subcontract") is attached to the Complaint as Exhibit "A." To the extent any averments refer to the Subcontract, the Subcontract is a document that speaks for itself, and

Federal, therefore, denies any characterizations thereof to the extent such are inconsistent therewith. As to any remaining factual averments, Federal is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5, and they are, therefore, deemed denied.

6. Admitted.

7. Federal admits that it, as surety, and Donald M. Durkin Contracting, Inc. ("Durkin"), as principal, provided a Construction Payment Bond, designated as Bond No. 8128-39-26 (the "Payment Bond"), to the City of Newark ("Newark"), as obligee, in connection with Contract No. 02-02 -- Construction of a Water Supply Reservoir (the "Construction Contract"), in the amount of $9,679,000. The remaining averments, if any, are denied.

8. The Subcontract is a document that speaks for itself, and Federal, therefore, denies any characterizations thereof to the extent such are inconsistent therewith.

9. Federal is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9, and they are, therefore, deemed denied.

10. Federal is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10, and they are, therefore, deemed denied.

11. The averments set forth in Paragraph 11 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: Federal is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11, and they are, therefore, deemed denied.

12. Federal incorporates herein by reference its response to Paragraph 7. To the extent any averments refer to the Payment Bond, the Payment Bond is a document that speaks for itself, and Federal, therefore, denies any characterizations thereof to the extent such

are inconsistent therewith. Federal admits that a copy of the Payment Bond is attached to the Complaint as Exhibit "B."

13. The averments set forth in Paragraph 13 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: Denied.

14. Admitted.

15. Federal is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15, and they are, therefore, deemed denied.

16. The averments set forth in Paragraph 16 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: Denied. Federal denies that any applicable law requires it to make any current payment whatsoever to MPI.

## COUNT I - BREACH OF BOND OBLIGATIONS

17. Federal incorporates herein by reference its responses to the foregoing paragraphs.

18. The averments set forth in Paragraph 18 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: The Payment Bond is a document that speaks for itself, and Federal, therefore, denies any characterizations thereof to the extent such are inconsistent therewith.

19. The averments set forth in Paragraph 19 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: The April 4, 2004 letter is a document that speaks for itself, and

Federal, therefore, denies any characterizations thereof to the extent such are inconsistent therewith.

20. Denied.

21. The averments set forth in Paragraph 21 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: Denied.

22. The averments set forth in Paragraph 22 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Federal answers as follows: Denied. Federal denies that any applicable law requires it to make any current payment whatsoever to MPI.

WHEREFORE, Defendant, Federal Insurance Company, respectfully requests that (a) the Complaint be dismissed with prejudice; (b) judgment be entered in its favor and against Plaintiff; and (c) it be awarded such other and further relief as this Court deems appropriate.

## DEFENSES

### FIRST DEFENSE

MPI's Complaint fails to state a claim against Federal upon which relief can be granted.

### SECOND DEFENSE

There is no liability under the Payment Bond for MPI's claims to the extent that MPI failed to comply with or satisfy the terms, conditions and other provisions of the Subcontract and the Payment Bond.

### THIRD DEFENSE

There is no liability under the Payment Bond for MPI's claims to the extent that the conditions of Paragraph 10 and 18 of the Subcontract have not been satisfied.

### FOURTH DEFENSE

The Subcontract requires payment to MPI only after actual receipt by Durkin of payment from the City of Newark, which has not yet occurred. Thus, there can be no liability under the Payment Bond for MPI's claims until the City of Newark pays Durkin.

### FIFTH DEFENSE

There is no liability under the Payment Bond for MPI's claims to the extent that MPI failed to satisfy any conditions precedent under the Payment Bond.

### SIXTH DEFENSE

There is no liability under the Payment Bond for MPI's claims to the extent that MPI has failed to join an indispensable party.

## SEVENTH DEFENSE

There is no liability under the Payment Bond for MPI's claims to the extent that any non-payment for work or services provided by MPI under the Subcontract was the result of the City of Newark's failure to pay Durkin under the terms of the Construction Contract.

## EIGHTH DEFENSE

There is no liability under the Payment Bond to the extent that MPI breached any duty of good faith and fair dealing in connection with the Subcontract or the Payment Bond.

## NINTH DEFENSE

There is no liability under the Payment Bond to the extent that MPI breached any contractual duties between itself and Durkin. Federal reserves the right to raise any defenses available to its principal, Durkin.

## TENTH DEFENSE

There is no liability under the Payment Bond to the extent that MPI's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel and/or unclean hands.

## ELEVENTH DEFENSE

There is no liability under the Payment Bond to the extent that MPI's claims are barred, in whole or in part, by its failure to mitigate its own damages, if any.

## TWELFTH DEFENSE

Federal had reasonable and justified bases for the denial of MPI's claim.

## THIRTEENTH DEFENSE

At all times relevant hereto, Federal acted reasonably and in good faith toward MPI.

## **FOURTEENTH DEFENSE**

Federal may have additional defenses that cannot now be determined due to lack of information regarding MPI's claims. Federal reserves its right to supplement this Answer and Defenses upon further development of relevant information.

WHEREFORE, Defendant, Federal Insurance Company, respectfully requests that (a) the Complaint be dismissed with prejudice in its entirety; (b) judgment be entered in its favor and against Plaintiff; and (c) be awarded such other and further relief as this Court deems appropriate.

STRADLEY, RONON,
STEVENS & YOUNG, LLP

By: _____
Sheela P. Dattani, Esquire
Delaware Bar ID No. 3620
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire
Patrick R. Kingsley, Esquire
David M. Burkholder, Esquire
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Defendant,
Federal Insurance Company

## **CERTIFICATE OF SERVICE**

I, David M. Burkholder, Esquire, do hereby certify that on April 29, 2005, I caused a copy of the Answer and Defenses of Defendant, Federal Insurance Company, to Plaintiff's Complaint to be served via hand-delivery upon the following:

> John J. Graham, Jr., Esquire
> Edward Seglias, Esquire
> Robert K. Beste, Jr., Esquire
> COHEN, SEGLIAS, PALLAS,
> GREENHALL & FURMAN, P.C.
> Nemours Building, Suite 205
> Wilmington, DE 19801
>
> Attorneys for Plaintiff,
> MPI Mechanical, Inc.

_____
David M. Burkholder, Esquire

Doc. #835277v.1