IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MPI MECHANICAL, INC., | : | |
| Plaintiff, | : | |
| | : | Case No. 04-1228 GMS |
| v. | : | |
| FEDERAL INSURANCE COMPANY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## JOINT STATUS REPORT

The parties here submit to the Court the following Joint Status Report, preparatory to the Scheduling Conference presently scheduled to be held at the Court on September 7, 2005.

1. **Jurisdiction and Service**. The parties agree this Court properly has jurisdiction. Jurisdiction of this Court is based upon diversity. Although a partial settlement after the filing of the Complaint brought the amount claimed below the jurisdictional limits, at the time of the filing of the Complaint, the jurisdictional limits of the Court were met. Defendant does not allege there was any improper service.

2. **Substance of the Action**. Plaintiff's claim is based upon a Construction Payment Bond, designated as Bond No. 8128-39-26 (hereinafter "Payment Bond"), to the City of Newark (hereinafter "Newark") as obligee, in connection with Contract No. 02-02-Construction of a Water Supply Reservoir (the "Construction Contract"). This case is part of a broader construction contract dispute, between Daniel M. Durkin Contracting, Inc. (hereinafter "Durkin") and Newark, which itself is in litigation before this Court. Plaintiff's initial demand in this litigation was $90,255.05. A partial settlement paid by the City of Newark directly to Plaintiff in the sum of $58,986.83 left a balance due of $31,268.22, together with a claim for

interest and actual attorney's fees.

3. **Identification of Issues**. The principal issue in this litigation is the contention of Defendant that the conditions precedent of the bond and construction contract have not been satisfied. Defendant contends that no payment is currently due under the Performance Bond because Durkin, as principal of the Payment Bond, is not obligated to make a final payment to Plaintiff until Durkin receives payment from Newark and Newark accepts Plaintiff's work. Plaintiff contends the contract does not require ultimate payment from Newark to Durkin, before payment is due to Plaintiff.

4. **Narrowing of Issues**. Not applicable.

5. **Relief**. Plaintiff seeks judgment in the amount of $31,268.22, together with interest and actual attorney's fees and court costs. It is not believed that the actual amount due to Plaintiff under the contract with Durkin is in dispute.

6. **Amendment of Pleadings**. None anticipated.

7. **Joinder of Parties**. It is anticipated that Durkin may wish to join as an additional party to this litigation.

8. **Discovery**. Subject to the Court's approval, the parties have agreed to the following discovery deadlines:

| | |
|---|---|
| Rule 26(a) Initial Disclosure: | October 1, 2005 |
| Factual Discovery Cut-Off: | March 1, 2006 |
| Exchange of Expert Reports: | April 1, 2006 |
| Cut-Off for Expert Discovery: | May 1, 2006 |

9. **Estimated Length of Trial**. Plaintiff would estimate that the time necessary to present its case will be ten hours, and that most facts should be submitted to the Court by Stipulation or by Admissions. Defendant believes it will need ten to fifteen hours for its witnesses and testimony.

10.   **Jury Trial.** Plaintiff had demanded a jury trial in this matter.

11.   **Settlement.** The parties believe a settlement of Durkin v. Newark would significantly affect the likelihood of a settlement in the instant case. Prior thereto, Plaintiff believes a referral to the Magistrate would be helpful; and, since the essential facts are not in dispute, mediation before rather than after expensive and extensive discovery would be appropriate. Defendant believes that settlement of the instant action is unlikely unless the Durkin v. Newark matter is resolved.

12.   **Other Matters.** The parties hereby submit to the Court that they have conferred about each of the above matters, and they jointly submit this Joint Status Report.

COHEN, SEGLIAS, PALLAS, GREENHALL
& FURMAN, P.C.

_____
Edward Seglias, Esq. (I.D. No. 2822)
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange St., Nemours Building, Suite 205
Wilmington, DE 19801
(302) 425-5089
Attorneys for Plaintiff

Date: 8/31/05

STRADLEY RONON STEVENS &
YOUNG, LLP

_____
Patrick R. Kingsley, Esq. (PA Bar I.D. No. 62915)
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
Attorneys for Defendant

Date: 8/31/05

RKB/msj
05750-0001