IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MPI MECHANICAL, INC., : | |
| Plaintiff, : | |
| : | Case No. 04-1228 GMS |
| v. : | |
| FEDERAL INSURANCE COMPANY, : | |
| Defendant. : | |

**AMENDED RULE 16 SCHEDULING ORDER**

This \_\_\_\_ day of _____, 2005, the Court having conducted an initial Rule 16 Scheduling and Planning Conference pursuant to Local Rule 16.2(b) on September 15, 2005, and the parties, having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.   **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Fed. R. Civ. Pro. 26(a), on or before October 11, 2005.

2.   **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties shall be filed on or before October 14, 2005.

3.   **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before January 31, 2006.

   (a)   <u>Discovery maters</u>. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact Chambers at (302) 573-6470, to schedule a telephone conference. Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter

agenda not to exceed two (2) pages, outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file, within five (5) days from the date of service of the opening letter, an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES**, within three (3) days from the date of service of the answering letter.

    4.    **Confidential Information and Papers Filed Under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this Order. When filing papers under seal, counsel should deliver to the Clerk, an original and two copies of the papers.

**If after making a diligent effort, the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process, outlined in paragraph 3(a) herein.**

    5.    **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

    6.    Status/Settlement Conference. On _____, 200___, the Court will hold a conference by telephone with counsel, beginning at _____ _.m., to discuss the progress of efforts to settle this dispute. Plaintiff's counsel shall initiate the telephone call.

If no efforts have been made or those efforts have to date been unsuccessful, then counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court, with counsel and their clients.

7. **Case Dispositive Motions**. N/A.

8. **Application by Motion**. Except as provided in this Order, or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. **Oral Argument**. IF the Court believes that oral argument is necessary, the Court will schedule a hearing, pursuant to Local Rule 7.14.

10. **Pretrial Conference**. On March 7, 2006, the Court will hold a Pretrial Conference in Chambers with counsel, beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, Plaintiff's counsel shall forward to Defendant's counsel a draft of the pretrial order, containing the information Plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to Plaintiff's counsel any comments on Plaintiff's draft, as well as the information Defendant proposes to include in the proposed pretrial order. Motions *in Limine*: No party shall file more than ten (10) motions *in limine*. Briefs (opening and answering) on all motions *in limine* shall be filed by February 20, 2006. Opening and answering briefs shall not exceed five (5) pages, and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information

required, by the form of the Final Pretrial Order which accompanies this Scheduling Order, on or before February 20, 2006.

11.    **Trial**.  This matter is scheduled for a 3-day trial, beginning at 9:00 a.m. on March 29, 2006.

12.    **Scheduling**. The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers, at (302) 573-6470.

_____
, United States District Judge

RKB/msj
05750-0001