IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MPI MECHANICAL, INC., | : | |
| Plaintiff, | : | |
| | : | Case No. 04-1228 GMS |
| v. | : | |
| FEDERAL INSURANCE COMPANY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## STATUS REPORT OF PLAINTIFF, MPI MECHANICAL, INC.

Plaintiff, MPI Mechanical, Inc. hereby submits to the Court the following Status Report, pursuant to the Court's letter dated April 27, 2006 requesting the same.

1. **Jurisdiction and Service**. The parties have previously agreed that this Court properly has jurisdiction. Jurisdiction of this Court is based upon diversity. Although a partial settlement after the filing of the Complaint brought the amount claimed below the jurisdictional limits, at the time of the filing of the Complaint, the jurisdictional limits of the Court were met. Defendant does not allege there was any improper service.

2. **Substance of the Action**. Plaintiff's claim is based upon a Construction Payment Bond, designated as Bond No. 8128-39-26 (hereinafter "Payment Bond"), to the City of Newark (hereinafter "Newark") as obligee, in connection with Contract No. 02-02-Construction of a Water Supply Reservoir (the "Construction Contract"). This case is part of a broader construction contract dispute, between Daniel M. Durkin Contracting, Inc. (hereinafter "Durkin") and Newark, which itself is in litigation before this Court. Plaintiff's initial demand in this litigation was $90,255.05. A partial settlement paid by the City of Newark directly to Plaintiff in the sum

of $58,986.83 left a balance due of $31,268.22, together with a claim for interest and actual attorney's fees.

3. **Identification of Issues**. The principal issue in this litigation is the contention of Defendant that the conditions precedent of the bond and construction contract have not been satisfied. Defendant contends that no payment is currently due under the Performance Bond because Durkin, as principal of the Payment Bond, is not obligated to make a final payment to Plaintiff until Durkin receives payment from Newark and Newark accepts Plaintiff's work. Plaintiff contends the contract does not require ultimate payment from Newark to Durkin, before payment is due to Plaintiff.

4. **Narrowing of Issues**. Not applicable.

5. **Relief**. Plaintiff seeks judgment in the amount of $31,268.22, together with interest and actual attorney's fees and court costs. It is not believed that the actual amount due to Plaintiff under the contract with Durkin is in dispute.

6. **Amendment of Pleadings**. None anticipated.

7. **Joinder of Parties**. It is anticipated that Durkin may wish to join as an additional party to this litigation.

8. **Discovery**. Subject to the Court's approval, the Plaintiff proposes the following discovery deadlines if settlement cannot be reached:

| | |
|---|---|
| Rule 26(a) Initial Disclosure: | Already submitted |
| Factual Discovery Cut-Off: | August 1, 2006 |
| Exchange of Expert Reports: | September 1, 2006 |
| Cut-Off for Expert Discovery: | October 1, 2006 |

9. **Estimated Length of Trial**. Plaintiff would estimate that the time necessary to present its case will be ten hours, and that most facts should be submitted to the Court by

Stipulation or by Admissions. Defendant previously believed it would need ten to fifteen hours for its witnesses and testimony.

    10.    **Jury Trial**. Plaintiff had demanded a jury trial in this matter.

    11.    **Settlement**. Plaintiff, together with Defendant and Durkin, is in the process of negotiating a resolution of the instant matter that is tied to the resolution of the Durkin v. Newark matter. Although the parties have reached a settlement in principle, a final settlement agreement has not been accepted by all parties. However, Plaintiff is confident that this matter is nearing resolution. While Plaintiff was hopeful that the settlement agreement would be executed on May 11, 2006, the parties were unable to coordinate such execution. Due to scheduling conflicts, it was not possible for the parties to create a Joint Status Report in full compliance with this Court's instructions dated April 27, 2006.

                                        COHEN, SEGLIAS, PALLAS, GREENHALL
                                        & FURMAN, P.C.

                                        */s/ Robert K. Beste /jjj*
                                        Edward Seglias, Esq. (I. D. No. 2822)
                                        Robert K. Beste, Jr., Esq. (I.D. No. 154)
                                        1007 Orange St., Nemours Building, Suite 205
                                        Wilmington, DE 19801
                                        (302) 425-5089
                                        Attorneys for Plaintiff

Date: 5·11·06